UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VINCENZO GURRERA and KIMBERLY GURRERA, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | No.: 19-cv-06751 ) ) |
| UBER TECHNOLOGIES, INC., and RASIER, LLC, and ENRIQUE RODARTE | ) ) ) ) |
| Defendants. | ) ) |

## NOTICE OF REMOVAL

**TO: THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

PLEASE TAKE NOTICE, Defendants, UBER TECHNOLOGIES, INC. ("Uber") and RASIER, LLC ("Rasier"), pursuant to 28 U.S.C.§§ 1332, 1441, and 1446, hereby remove this civil action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division. In support of this Notice of Removal, Uber and Rasier state as follows:

**I.   THE STATE COURT ACTION**

1. On September 5, 2019, Vincenzo Gurrera and Kimberly Gurrera ("Plaintiffs") filed an action in the Circuit Court of Cook County, Illinois, styled *Vincenzo Gurrera and Kimberly Gurrera v. Uber Technologies, Inc., Rasier, LLC and Enrique Rodarte*, Case No. 2019-L-009810. A true and correct copy of the Complaint is attached hereto as Exhibit "A".

2. Plaintiffs have asserted personal injury claims arising out of an alleged accident that occurred on November 19, 2017 in the State of Illinois. Ex A ¶¶ 1, 21. Plaintiffs claim they

were passengers in a motor vehicle driven by Rodarte, when Rodarte allegedly struck the back of another vehicle causing Plaintiffs to be injured. Upon this set of operative facts, Plaintiffs brings claims for negligence against Uber and Rasier. Ex A, *Counts I, II, IV and V*.

3. Uber was served with Plaintiffs' Summons and Complaint on September 13, 2019. A true and correct copy of Process of Service is attached hereto as Exhibit "B".

4. Rasier was served with Plaintiffs' Summons and Complaint on September 13, 2019. A true and correct copy of Process of Service is attached hereto as Exhibit "C". Upon information and belief, to date, Defendant, Enrique Rodante, has not been served.

5. As will be shown below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441. There is complete diversity of citizenship between Plaintiffs and all Defendants; the amount in controversy exceeds $75,000.00, exclusively of interest and costs; and Uber and Rasier are filing the instant Notice of Removal within thirty (30) days of September 13, 2019, the date of service of the Complaint upon Uber and Rasier.

**II.     THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED**

6. The Complaint was served upon Uber and Rasier on September 13, 2019. Uber and Rasier first received notice of the Complaint on September 13, 2019. Therefore, the removal of this action is timely in accordance with 28 U.S.C. § 1446(b) because the Notice of Removal was filed within thirty (30) days of service of the Complaint on Uber and Rasier. See 28 U.S.C. § 1446(b).

7. Pursuant to 28 U.S.C. § 1446(a), copies of all summons, process, pleadings, motions and orders that have been filed in the State Court Action are attached hereto as Exhibits A through C.

8. This Court embraces the locality in which the State Court Action is now pending, making this Court a proper forum pursuant to 28 U.S.C. § 1441(a).

9. No previous application has been made for the relief requested herein.

10. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff, and a copy is being filed with the Circuit Court Cook County, Illinois.

11. If any question arises regarding the propriety of the removal of this action, Uber and Rasier respectfully request the opportunity to present a brief and/or oral argument in support of their position that this case is removable.

### III. REMOVAL IS PROPER BECAUSE THIS COURT HAS JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441

12. Federal jurisdiction exists based upon diversity of citizenship pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different States, and there is a good faith basis to believe that the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. See 28 U.S.C. § 1441.

    A. **Complete Diversity of Citizenship Exists**

13. Plaintiffs Vincenzo Gurrera and Kimberly Gurrera, upon information and belief, at all relevant times have been residents and citizens of the State of Florida.

14. Defendant, Enrique Rodarte, is believed to be a resident of the State of Illinois.

15. Defendant Uber Technologies, Inc. is a Delaware corporation with its principal place of business being 1455 Market Street, 4th Floor, San Francisco, California, 94103. Accordingly, Uber is a citizen of Delaware and California for diversity purposes. See 28 U.S.C. § 1332(c)(l).

16. Defendant Rasier, LLC is a wholly owned subsidiary of Uber Technologies, Inc. Rasier, LLC is a limited liability company organized under the laws of the State of Delaware. "For

diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members." *Thomas v. Guardsmark; LLC*, 487 F.3d 531, 534 (7th Cir. 2007). Rasier, LLC's sole member is Uber Technologies, Inc. As stated above, Uber Technologies, Inc, is a Delaware corporation with its principal place of business being 455 Market Street, 4th Floor, San Francisco, California, 94103. Accordingly, Rasier, LLC is a citizen of Delaware and California for diversity purposes. See 28 U.S.C. § 1332(c)(l).

17. In turn, there is complete diversity of citizenship among the parties.

**B.      The Amount in Controversy Exceeds $75,000.00**

18. For the amount in controversy requirement to be satisfied, a removing defendant need only show " … by a preponderance of the evidence that the case meets the $75,000.00 threshold" *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 542 (7th Cir. 2006).

19. In the Complaint, Plaintiffs each allege that as a result of their injuries, each "sustained severer and permanent injuries, both internally and externally and was and will be hindered and prevented from attending his/her usual duties and affairs and has lost and will in the future lose, the value of that time, as aforementioned. Plaintiff(s) also suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. Plaintiff(s) further expended money and became liable for, and will expend and become liable for, large sums of money for medical care and serves endeavoring to become healed and cured of said injuries." (Ex. A, Count I, ¶ 23; II, ¶ 23, Count IV, ¶ 23, Count V, ¶ 23).

20. While Plaintiffs do not specify in their pleading the precise amount of damages sought, they seek damages in a sum in excess of fifty thousand ($50,000.00) dollars per Plaintiff, per Count. See Exhibit A, Affidavit of Damages Pursuant to Supreme Court Rule 222.

21. For the reasons set forth above, Uber is entitled to remove the State Court Action to this Court under 28 U.S.C. § 1441.

WHEREFORE, Defendants Uber Technologies, Inc. and Rasier, LLC hereby remove the action now pending against them in the Circuit Court of Cook County to this Honorable Court, and request that this Court retain jurisdiction for all further proceedings.

        Respectfully Submitted,
        UBER TECHNOLOGIES, INC. and
        RASIER, LLC

        /s/ *Kevin M. Casey*
        Kevin M. Casey

Kevin M. Casey (#6282635)
Peterson, Johnson & Murray-Chicago, LLC
200 West Adams, Suite 2125
Chicago, Illinois 60606
312-724-8044
312-896-9318 – fax
kcasey@pjmchicago.com