# EXHIBIT A

**12-Person Jury**

FILED
9/5/2019 1:47 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019L009810

6456352

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

VINCENZO GURRERA and )
KIMBERLY GURRERA )
       )
      Plaintiff, )   No. 2019L009810
       )
      v. )
       )
UBER TECHNOLOGIES, INC., )
RASIER LLC, and )
ENRIQUE RODARTE, )
       )
      Defendants. )

## COMPLAINT AT LAW

### COUNT I – Vincenzo Gurrera v. Uber Technologies, Inc.

NOW COMES the Plaintiff, VINCENZO GURRERA, by and through his/her attorneys, LEGALRIDESHARE, LLC, and in complaining of the Defendant, UBER TECHNOLOGIES, INC., alleges as follows:

1. That on or about November 19, 2017, the Plaintiff, VINCENZO GURRERA, was a passenger in a vehicle driven by Defendant, ENRIQUE RODARTE, at or near 1462 S. Museum Campus Drive, in the City of Chicago, County of Cook and State of Illinois.

2. That at said time and place, the Defendant, ENRIQUE RODARTE, was operating his vehicle in furtherance of his work through the Defendant's, UBER TECHNOLOGIES, INC., rideshare application.

3. That at said time and place, the Defendant, ENRIQUE RODARTE, was transporting Plaintiff, VINCENZO GURRERA, in furtherance of his work through the Defendant's, UBER TECHNOLOGIES, INC., rideshare application.

FILED DATE: 9/5/2019 1:47 PM   2019L009810

FILED DATE: 9/5/2019 1:47 PM   2019L009810

4.      That at said time and place, the Defendant, ENRIQUE RODARTE, agreed to transport Plaintiff, VINCENZO GURRERA, after being connected with Plaintiff through the Defendant's, UBER TECHNOLOGIES, INC., rideshare application.

5.      That at said time and place, the vehicle of the Defendant, ENRIQUE RODARTE, displayed the application, name, logo and colors of the Defendant, UBER TECHNOLOGIES, INC.

6.      That at said time and place, the Defendant, ENRIQUE RODARTE, identified himself to customers, including Plaintiff, VINCENZO GURRERA, as an "Uber driver."

7.      That at said time and place, the Defendant, ENRIQUE RODARTE, relied on the Defendant's, UBER TECHNOLOGIES, INC., rideshare application for Plaintiff's, VINCENZO GURRERA, pick-up and drop-off locations.

8.      That at said time and place, the Defendant, ENRIQUE RODARTE, relied on the Defendant's, UBER TECHNOLOGIES, INC., rideshare application for navigation to Plaintiff's, VINCENZO GURRERA, drop-off location.

9.      That at said time and place, the Plaintiff, VINCENZO GURRERA, could follow the navigation and route of the Defendant, ENRIQUE RODARTE, through the Defendant's, UBER TECHNOLOGIES, INC., rideshare application.

10.     That at said time and place, the Defendant, UBER TECHNOLOGIES, INC., had agreed to compensate the Defendant, ENRIQUE RODARTE, for driving Plaintiff, VINCENZO GURRERA, from his/her pick-up location to his/her drop-off location.

11.     That the Defendant, UBER TECHNOLOGIES, INC., had agreed to compensate the Defendant, ENRIQUE RODARTE, for accepting ride requests and transporting customers, including the ride request from Plaintiff, VINCENZO GURRERA.

2

FILED DATE: 9/5/2019 1:47 PM   2019L009810

12.    That the Defendant, UBER TECHNOLOGIES, INC., did compensate the Defendant, ENRIQUE RODARTE, for driving Plaintiff, VINCENZO GURRERA, on the subject date.

13.    That at said time and place, the Defendant, UBER TECHNOLOGIES, INC., retained the right to prohibit the Defendant, ENRIQUE RODARTE, from connecting with passengers, including the Plaintiff, VINCENZO GURRERA, should it determine or find that ENRIQUE RODARTE operated his vehicle in a manner contrary to UBER TECHNOLOGIES, INC.'s safety and/or professional standards.

14.    That at said time and place, the Plaintiff, VINCENZO GURRERA, would not have been situated in the vehicle of Defendant, ENRIQUE RODARTE, but for the fact that they connected through the Defendant's, UBER TECHNOLOGIES, INC., rideshare application.

15.    That at said time and place, the Plaintiff, VINCENZO GURRERA, chose to ride in the vehicle driven by Defendant, ENRIQUE RODARTE, because Plaintiff relied on Defendant's, UBER TECHNOLOGIES, INC., reputation for safety and competency.

16.    That at said time and place, the Defendant, ENRIQUE RODARTE, was operating the vehicle as the servant, employee, or apparent and/or actual agent of the Defendant, UBER TECHNOLOGIES, INC.

17.    That in Illinois, a principal can be held liable for the wrongful conduct of an agent if the conduct is committed within the scope of that relationship.

18.    That at said time and place, the Defendant, ENRIQUE RODARTE, was operating his vehicle within the scope of his agent, servant and/or employment relationship with the Defendant, UBER TECHNOLOGIES, INC.

3

FILED DATE: 9/5/2019 1:47 PM  2019L009810

19.    That at said time and place, the Defendant, UBER TECHNOLOGIES, INC., by and through its agent, servant and/or employee, ENRIQUE RODARTE, caused the motor vehicle to collide with another motor vehicle.

20.    That at the aforesaid time and place, the Defendant, UBER TECHNOLOGIES, INC., by and through its agent, servant and/or employee, ENRIQUE RODARTE, had the duty to operate said motor vehicle in a reasonably safe manner and to exercise ordinary care and caution so as not to cause injury to others on the roadway, including the Plaintiff.

21.    That at the aforesaid time and place, despite the aforesaid duties, the Defendant, UBER TECHNOLOGIES, INC., by and through its agent, servant and/or employee, ENRIQUE RODARTE, then and there committed one or more of the following careless and negligent acts and/or omissions:

    (a)    Carelessly and negligently operated and controlled said motor vehicle;

    (b)    Carelessly and negligently failed to exercise that degree of care and caution that a reasonable person under similar circumstances would have exercised in the operation of said motor vehicle;

    (c)    Carelessly and negligently failed to keep an adequate, if any, lookout during the operation of said motor vehicle;

    (d)    Carelessly and negligently failed to decrease the speed of his vehicle in order to avoid colliding with another vehicle;

    (e)    Carelessly and negligently failed to change the course of said motor vehicle so as to avoid striking another motor vehicle;

    (f)    Carelessly and negligently failed to appropriately stop or slow his vehicle before striking the rear of another vehicle;

    (g)    Carelessly and negligently failed to give audible warning with his horn, when such warning was reasonable and necessary;

    (h)    Operated a motor vehicle in a reckless manner;

FILED DATE: 9/5/2019 1:47 PM   2019L009810

22.   That at the aforesaid time and place and as a direct and proximate result of one or more of the aforementioned careless and negligent acts and/or omissions of the Defendant, UBER TECHNOLOGIES, INC, the motor vehicle that ENRIQUE RODARTE operated was caused to and did collide with another motor vehicle, causing the Plaintiff, VINCENZO GURRERA, to sustain serious injuries.

23.   That as a further direct and proximate result of one or more of the aforementioned careless and negligent acts and/or omissions of the Defendant, UBER TECHNOLOGIES, INC., the Plaintiff, VINCENZO GURRERA, sustained severe and permanent injuries, both internally and externally, and was and will be hindered and prevented from attending to his/her usual duties and affairs and has lost and will in the future lose the value of that time, as aforementioned. Plaintiff also suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiff, VINCENZO GURRERA, prays for a judgment in his/her favor and against the Defendant, UBER TECHNOLOGIES, INC., in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus the costs of this suit.

### COUNT II – Vincenzo Gurrera v. Rasier, LLC

NOW COMES the Plaintiff, VINCENZO GURRERA, by and through his/her attorneys, LEGALRIDESHARE, LLC, and in complaining of the Defendant, RASIER LLC, alleges as follows:

1.   That on or about November 19, 2017, the Plaintiff, VINCENZO GURRERA, was a passenger in a vehicle driven by Defendant, ENRIQUE RODARTE, at or near 1462 S. Museum Campus Drive, in the City of Chicago, County of Cook and State of Illinois.

FILED DATE: 9/5/2019 1:47 PM   2019L009810

2.      That at said time and place, the Defendant, ENRIQUE RODARTE, was operating his vehicle in furtherance of his work through the Defendant's, RASIER LLC, rideshare application.

3.      That at said time and place, the Defendant, ENRIQUE RODARTE, was transporting Plaintiff, VINCENZO GURRERA, in furtherance of his work through the Defendant's, RASIER LLC, rideshare application.

4.      That at said time and place, the Defendant, ENRIQUE RODARTE, agreed to transport Plaintiff, VINCENZO GURRERA, after being connected with Plaintiff through the Defendant's, RASIER LLC, rideshare application.

5.      That at said time and place, the vehicle of the Defendant, ENRIQUE RODARTE, displayed the application, name, logo and colors of the Defendant, RASIER LLC.

6.      That at said time and place, the Defendant, ENRIQUE RODARTE, identified himself to customers, including Plaintiff, VINCENZO GURRERA, as an "Uber driver."

7.      That at said time and place, the Defendant, ENRIQUE RODARTE, relied on the Defendant's, RASIER LLC, rideshare application for Plaintiff's, VINCENZO GURRERA, pick-up and drop-off locations.

8.      That at said time and place, the Defendant, ENRIQUE RODARTE, relied on the Defendant's, RASIER LLC, rideshare application for navigation to Plaintiff's, VINCENZO GURRERA, drop-off location.

9.      That at said time and place, the Plaintiff, VINCENZO GURRERA, could follow the navigation and route of the Defendant, ENRIQUE RODARTE, through the Defendant's, RASIER LLC, rideshare application.

FILED DATE: 9/5/2019 1:47 PM   2019L009810

10. That at said time and place, the Defendant, RASIER LLC, had agreed to compensate the Defendant, ENRIQUE RODARTE, for driving Plaintiff, VINCENZO GURRERA, from his/her pick-up location to his/her drop-off location.

11. That the Defendant, RASIER LLC, had agreed to compensate the Defendant, ENRIQUE RODARTE, for accepting ride requests and transporting customers, including the ride request from Plaintiff, VINCENZO GURRERA.

12. That the Defendant, RASIER LLC, did compensate the Defendant, ENRIQUE RODARTE, for driving Plaintiff, VINCENZO GURRERA, on the subject date.

13. That at said time and place, the Defendant, RASIER LLC, retained the right to prohibit the Defendant, ENRIQUE RODARTE, from connecting with passengers, including the Plaintiff, VINCENZO GURRERA, should it determine or find that ENRIQUE RODARTE operated his vehicle in a manner contrary to RASIER LLC's safety and/or professional standards.

14. That at said time and place, the Plaintiff, VINCENZO GURRERA, would not have been situated in the vehicle of Defendant, ENRIQUE RODARTE, but for the fact that they connected through the Defendant's, RASIER LLC, rideshare application.

15. That at said time and place, the Plaintiff, VINCENZO GURRERA, chose to ride in the vehicle driven by Defendant, ENRIQUE RODARTE, because Plaintiff relied on Defendant's, RASIER LLC, reputation for safety and competency.

16. That at said time and place, the Defendant, ENRIQUE RODARTE, was operating the vehicle as the servant, employee, or apparent and/or actual agent of the Defendant, RASIER LLC.

FILED DATE: 9/5/2019 1:47 PM   2019L009810

17.     That in Illinois, a principal can be held liable for the wrongful conduct of an agent if the conduct is committed within the scope of that relationship.

18.     That at said time and place, the Defendant, ENRIQUE RODARTE, was operating his vehicle within the scope of his agent, servant and/or employment relationship with the Defendant, RASIER LLC.

19.     That at said time and place, the Defendant, RASIER LLC, by and through its agent, servant and/or employee, ENRIQUE RODARTE, caused the motor vehicle to collide with another motor vehicle.

20.     That at the aforesaid time and place, the Defendant, RASIER LLC, by and through its agent, servant and/or employee, ENRIQUE RODARTE, had the duty to operate said motor vehicle in a reasonably safe manner and to exercise ordinary care and caution so as not to cause injury to others on the roadway, including the Plaintiff.

21.     That at the aforesaid time and place, despite the aforesaid duties, the Defendant, RASIER LLC, by and through its agent, servant and/or employee, ENRIQUE RODARTE, then and there committed one or more of the following careless and negligent acts and/or omissions:

(a)     Carelessly and negligently operated and controlled said motor vehicle;

(b)     Carelessly and negligently failed to exercise that degree of care and caution that a reasonable person under similar circumstances would have exercised in the operation of said motor vehicle;

(c)     Carelessly and negligently failed to keep an adequate, if any, lookout during the operation of said motor vehicle;

(d)     Carelessly and negligently failed to decrease the speed of his vehicle in order to avoid colliding with another vehicle;

(e)     Carelessly and negligently failed to change the course of said motor vehicle so as to avoid striking another motor vehicle;

FILED DATE: 9/5/2019 1:47 PM    2019L009810

(f)     Carelessly and negligently failed to appropriately stop or slow his vehicle before striking the rear of another vehicle;

(g)     Carelessly and negligently failed to give audible warning with his horn, when such warning was reasonable and necessary;

(h)     Operated a motor vehicle in a reckless manner;

22.     That at the aforesaid time and place and as a direct and proximate result of one or more of the aforementioned careless and negligent acts and/or omissions of the Defendant, RASIER LLC, the motor vehicle that ENRIQUE RODARTE operated was caused to and did collide with another motor vehicle, causing the Plaintiff, VINCENZO GURRERA, to sustain serious injuries.

23.     That as a further direct and proximate result of one or more of the aforementioned careless and negligent acts and/or omissions of the Defendant, RASIER LLC, the Plaintiff, VINCENZO GURRERA, sustained severe and permanent injuries, both internally and externally, and was and will be hindered and prevented from attending to his/her usual duties and affairs and has lost and will in the future lose the value of that time, as aforementioned. Plaintiff also suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiff, VINCENZO GURRERA, prays for a judgment in his/her favor and against the Defendant, RASIER LLC, in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus the costs of this suit.

**COUNT III – Vincenzo Gurrera v. Enrique Rodarte**

FILED DATE: 9/5/2019 1:47 PM    2019L009810

NOW COMES the Plaintiff, VINCENZO GURRERA, by and through his/her attorneys, LEGALRIDESHARE, LLC, and in complaining of the Defendant, ENRIQUE RODARTE, alleges as follows:

1.    That on or about November 19, 2017, the Plaintiff, VINCENZO GURRERA, was a passenger in a vehicle driven by Defendant, ENRIQUE RODARTE, at or near 1462 S. Museum Campus Drive, in the City of Chicago, County of Cook and State of Illinois.

2.    That at said time and place, the Defendant, ENRIQUE RODARTE, was operating his vehicle in furtherance of his work through the Defendants', UBER TECHNOLOGIES, INC. and/or RASIER LLC, rideshare application.

3.    That at said time and place, the Defendant, ENRIQUE RODARTE, was transporting Plaintiff, VINCENZO GURRERA, in furtherance of his work through the Defendants', UBER TECHNOLOGIES, INC. and/or RASIER LLC, rideshare application.

4.    That at said time and place, the Defendant, ENRIQUE RODARTE, agreed to transport Plaintiff, VINCENZO GURRERA, after being connected with Plaintiff through the Defendants', UBER TECHNOLOGIES, INC. and/or RASIER LLC, rideshare application.

5.    That at said time and place, the vehicle of the Defendant, ENRIQUE RODARTE, displayed the application, name, logo and colors of the Defendants, UBER TECHNOLOGIES, INC. and/or RASIER LLC.

6.    That at said time and place, the Defendant, ENRIQUE RODARTE, identified himself to customers, including Plaintiff, VINCENZO GURRERA, as an "Uber driver."

7.    That at said time and place, the Defendant, ENRIQUE RODARTE, relied on the Defendants', UBER TECHNOLOGIES, INC. and/or RASIER LLC, rideshare application for Plaintiff's, VINCENZO GURRERA, pick-up and drop-off locations.

FILED DATE: 9/5/2019 1:47 PM   2019L009810

8.      That at said time and place, the Defendant, ENRIQUE RODARTE, relied on the Defendants', UBER TECHNOLOGIES, INC. and/or RASIER LLC, rideshare application for navigation to Plaintiff's, VINCENZO GURRERA, drop-off location.

9.      That at said time and place, the Plaintiff, VINCENZO GURRERA, could follow the navigation and route of the Defendant, ENRIQUE RODARTE, through the Defendants', UBER TECHNOLOGIES, INC. and/or RASIER LLC, rideshare application.

10.     That at said time and place, the Defendants, UBER TECHNOLOGIES, INC. and/or RASIER LLC, had agreed to compensate the Defendant, ENRIQUE RODARTE, for driving Plaintiff, VINCENZO GURRERA, from his/her pick-up location to his/her drop-off location.

11.     That the Defendants, UBER TECHNOLOGIES, INC. and/or RASIER LLC, had agreed to compensate the Defendant, ENRIQUE RODARTE, for accepting ride requests and transporting customers, including the ride request from Plaintiff, VINCENZO GURRERA.

12.     That the Defendants, UBER TECHNOLOGIES, INC. and/or RASIER LLC, did compensate the Defendant, ENRIQUE RODARTE, for driving Plaintiff, VINCENZO GURRERA, on the subject date.

13.     That at said time and place, the Defendants, UBER TECHNOLOGIES, INC. and/or RASIER LLC, retained the right to prohibit the Defendant, ENRIQUE RODARTE, from connecting with passengers, including the Plaintiff, VINCENZO GURRERA, should it determine or find that ENRIQUE RODARTE operated his vehicle in a manner contrary to the Defendants', UBER TECHNOLOGIES, INC. and/or RASIER LLC, safety and/or professional standards.

FILED DATE: 9/5/2019 1:47 PM   2019L009810

14.     That at said time and place, the Plaintiff, VINCENZO GURRERA, would not have been situated in the vehicle of Defendant, ENRIQUE RODARTE, but for the fact that they connected through the Defendants', UBER TECHNOLOGIES, INC. and/or RASIER LLC, rideshare application.

15.     That at said time and place, the Plaintiff chose to ride in the vehicle driven by Defendant, ENRIQUE RODARTE, because Plaintiff relied on the Defendants', UBER TECHNOLOGIES, INC. and/or RASIER LLC, reputation for safety and competency.

16.     That at said time and place, the Defendant, ENRIQUE RODARTE, was operating the vehicle as the servant, employee, or apparent and/or actual agent of the Defendants, UBER TECHNOLOGIES, INC. and/or RASIER LLC.

17.     That at said time and place, the Defendant, ENRIQUE RODARTE, was operating his vehicle within the scope of his agent, servant and/or employment relationship with the Defendants, UBER TECHNOLOGIES, INC. and/or RASIER LLC.

18.     That at the aforesaid time and place, the Defendant, ENRIQUE RODARTE, caused his motor vehicle to collide with another motor vehicle.

19.     That at the aforesaid time and place, the Defendant, ENRIQUE RODARTE, had the duty to operate said motor vehicle in a reasonably safe manner and to exercise ordinary care and caution so as not to cause injury to others on the roadway, including the Plaintiff.

20.     That at the aforesaid time and place, the Defendant, ENRIQUE RODARTE, despite his aforementioned duties, then and there committed one or more of the following careless and negligent acts and/or omissions:

(a)     Carelessly and negligently operated and controlled said motor vehicle;

12

FILED DATE: 9/5/2019 1:47 PM    2019L009810

(b)    Carelessly and negligently failed to exercise that degree of care and caution that a reasonable person under similar circumstances would have exercised in the operation of said motor vehicle;

(c)    Carelessly and negligently failed to keep an adequate, if any, lookout during the operation of said motor vehicle;

(d)    Carelessly and negligently failed to decrease the speed of his vehicle in order to avoid colliding with another vehicle;

(e)    Carelessly and negligently failed to change the course of said motor vehicle so as to avoid striking another motor vehicle;

(f)    Carelessly and negligently failed to appropriately stop or slow his vehicle before striking the rear of another vehicle;

(g)    Carelessly and negligently failed to give audible warning with his horn, when such warning was reasonable and necessary;

(h)    Operated a motor vehicle in a reckless manner;

21.    That at the aforesaid time and place and as a direct and proximate result of one or more of the aforementioned careless and negligent acts and/or omissions of the Defendant, ENRIQUE RODARTE, the motor vehicle he operated was caused to and did collide with another motor vehicle, causing the Plaintiff to sustain serious injuries.

22.    That as a further direct and proximate result of one or more of the aforementioned careless and negligent acts and/or omissions of the Defendant, ENRIQUE RODARTE, the Plaintiff, VINCENZO GURRERA, sustained severe and permanent injuries, both internally and externally, and was and will be hindered and prevented from attending to his/her usual duties and affairs and has lost and will in the future lose the value of that time, as aforementioned. Plaintiff also suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

13

FILED DATE: 9/5/2019 1:47 PM    2019L009810

WHEREFORE, the Plaintiff, VINCENZO GURRERA, prays for a judgment in his/her favor and against the Defendant, ENRIQUE RODARTE, in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus the costs of this suit.

### COUNT IV – Kimberly Gurrera v. Uber Technologies, Inc.

NOW COMES the Plaintiff, KIMBERLY GURRERA, by and through his/her attorneys, LEGALRIDESHARE, LLC, and in complaining of the Defendant, UBER TECHNOLOGIES, INC., alleges as follows:

1.      That on or about November 19, 2017, the Plaintiff, KIMBERLY GURRERA, was a passenger in a vehicle driven by Defendant, ENRIQUE RODARTE, at or near 1462 S. Museum Campus Drive, in the City of Chicago, County of Cook and State of Illinois.

2.      That at said time and place, the Defendant, ENRIQUE RODARTE, was operating his vehicle in furtherance of his work through the Defendant's, UBER TECHNOLOGIES, INC., rideshare application.

3.      That at said time and place, the Defendant, ENRIQUE RODARTE, was transporting Plaintiff, KIMBERLY GURRERA, in furtherance of his work through the Defendant's, UBER TECHNOLOGIES, INC., rideshare application.

4.      That at said time and place, the Defendant, ENRIQUE RODARTE, agreed to transport Plaintiff, KIMBERLY GURRERA, after being connected with Plaintiff through the Defendant's, UBER TECHNOLOGIES, INC., rideshare application.

5.      That at said time and place, the vehicle of the Defendant, ENRIQUE RODARTE, displayed the application, name, logo and colors of Defendant, UBER TECHNOLOGIES, INC.

6.      That at said time and place, the Defendant, ENRIQUE RODARTE, identified himself to customers, including Plaintiff, KIMBERLY GURRERA, as an "Uber driver."

FILED DATE: 9/5/2019 1:47 PM   2019L009810

7.     That at said time and place, the Defendant, ENRIQUE RODARTE, relied on the Defendant's, UBER TECHNOLOGIES, INC., rideshare application for Plaintiff's, KIMBERLY GURRERA, pick-up and drop-off locations.

8.     That at said time and place, the Defendant, ENRIQUE RODARTE, relied on the Defendant's, UBER TECHNOLOGIES, INC., rideshare application for navigation to Plaintiff's, KIMBERLY GURRERA, drop-off location.

9.     That at said time and place, the Plaintiff, KIMBERLY GURRERA, could follow the navigation and route of the Defendant, ENRIQUE RODARTE, through the Defendant's, UBER TECHNOLOGIES, INC., rideshare application.

10.     That at said time and place, the Defendant, UBER TECHNOLOGIES, INC., had agreed to compensate the Defendant, ENRIQUE RODARTE, for driving Plaintiff, KIMBERLY GURRERA, from his/her pick-up location to his/her drop-off location.

11.     That the Defendant, UBER TECHNOLOGIES, INC., had agreed to compensate the Defendant, ENRIQUE RODARTE, for accepting ride requests and transporting customers, including the ride request from Plaintiff, KIMBERLY GURRERA.

12.     That the Defendant, UBER TECHNOLOGIES, INC., did compensate the Defendant, ENRIQUE RODARTE, for driving Plaintiff, KIMBERLY GURRERA, on the subject date.

13.     That at said time and place, the Defendant, UBER TECHNOLOGIES, INC., retained the right to prohibit the Defendant, ENRIQUE RODARTE, from connecting with passengers, including the Plaintiff, KIMBERLY GURRERA, should it determine or find that ENRIQUE RODARTE operated his vehicle in a manner contrary to UBER TECHNOLOGIES, INC.'s safety and/or professional standards.

FILED DATE: 9/5/2019 1:47 PM 2019L009810

14.     That at said time and place, the Plaintiff, KIMBERLY GURRERA, would not have been situated in the vehicle of Defendant, ENRIQUE RODARTE, but for the fact that they connected through the Defendant's, UBER TECHNOLOGIES, INC., rideshare application.

15.     That at said time and place, the Plaintiff, KIMBERLY GURRERA, chose to ride in the vehicle driven by Defendant, ENRIQUE RODARTE, because Plaintiff relied on Defendant's, UBER TECHNOLOGIES, INC., reputation for safety and competency.

16.     That at said time and place, the Defendant, ENRIQUE RODARTE, was operating the vehicle as the servant, employee, or apparent and/or actual agent of the Defendant, UBER TECHNOLOGIES, INC.

17.     That in Illinois, a principal can be held liable for the wrongful conduct of an agent if the conduct is committed within the scope of that relationship.

18.     That at said time and place, the Defendant, ENRIQUE RODARTE, was operating his vehicle within the scope of his agent, servant and/or employment relationship with the Defendant, UBER TECHNOLOGIES, INC.

19.     That at said time and place, the Defendant, UBER TECHNOLOGIES, INC., by and through its agent, servant and/or employee, ENRIQUE RODARTE, caused the motor vehicle to collide with another motor vehicle.

20.     That at the aforesaid time and place, the Defendant, UBER TECHNOLOGIES, INC., by and through its agent, servant and/or employee, ENRIQUE RODARTE, had the duty to operate said motor vehicle in a reasonably safe manner and to exercise ordinary care and caution so as not to cause injury to others on the roadway, including the Plaintiff.

21.     That at the aforesaid time and place, despite the aforesaid duties, the Defendant, UBER TECHNOLOGIES, INC., by and through its agent, servant and/or employee, ENRIQUE

FILED DATE: 9/5/2019 1:47 PM   2019L009810

RODARTE, then and there committed one or more of the following careless and negligent acts and/or omissions:

(a) Carelessly and negligently operated and controlled said motor vehicle;

(b) Carelessly and negligently failed to exercise that degree of care and caution that a reasonable person under similar circumstances would have exercised in the operation of said motor vehicle;

(c) Carelessly and negligently failed to keep an adequate, if any, lookout during the operation of said motor vehicle;

(d) Carelessly and negligently failed to decrease the speed of his vehicle in order to avoid colliding with another vehicle;

(e) Carelessly and negligently failed to change the course of said motor vehicle so as to avoid striking another motor vehicle;

(f) Carelessly and negligently failed to appropriately stop or slow his vehicle before striking the rear of another vehicle;

(g) Carelessly and negligently failed to give audible warning with his horn, when such warning was reasonable and necessary;

(h) Operated a motor vehicle in a reckless manner;

22. That at the aforesaid time and place and as a direct and proximate result of one or more of the aforementioned careless and negligent acts and/or omissions of the Defendant, UBER TECHNOLOGIES, INC, the motor vehicle that ENRIQUE RODARTE operated was caused to and did collide with another motor vehicle, causing the Plaintiff, KIMBERLY GURRERA, to sustain serious injuries.

23. That as a further direct and proximate result of one or more of the aforementioned careless and negligent acts and/or omissions of the Defendant, UBER TECHNOLOGIES, INC., the Plaintiff, KIMBERLY GURRERA, sustained severe and permanent injuries, both internally and externally, and was and will be hindered and prevented from attending to his/her usual duties and affairs and has lost and will in the future lose the value of that time, as aforementioned.

17

FILED DATE: 9/5/2019 1:47 PM  2019L009810

Plaintiff also suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiff, KIMBERLY GURRERA, prays for a judgment in his/her favor and against the Defendant, UBER TECHNOLOGIES, INC., in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus the costs of this suit.

### COUNT V – Kimberly Gurrera v. Rasier, LLC

NOW COMES the Plaintiff, KIMBERLY GURRERA, by and through his/her attorneys, LEGALRIDESHARE, LLC, and in complaining of the Defendant, RASIER LLC, alleges as follows:

1.      That on or about November 19, 2017, the Plaintiff, KIMBERLY GURRERA, was a passenger in a vehicle driven by Defendant, ENRIQUE RODARTE, at or near 1462 S. Museum Campus Drive, in the City of Chicago, County of Cook and State of Illinois.

2.      That at said time and place, the Defendant, ENRIQUE RODARTE, was operating his vehicle in furtherance of his work through the Defendant's, RASIER LLC, rideshare application.

3.      That at said time and place, the Defendant, ENRIQUE RODARTE, was transporting Plaintiff, KIMBERLY GURRERA, in furtherance of his work through the Defendant's, RASIER LLC, rideshare application.

4.      That at said time and place, the Defendant, ENRIQUE RODARTE, agreed to transport Plaintiff, KIMBERLY GURRERA, after being connected with Plaintiff through the Defendant's, RASIER LLC, rideshare application.

FILED DATE: 9/5/2019 1:47 PM   2019L009810

5. That at said time and place, the vehicle of the Defendant, ENRIQUE RODARTE, displayed the application, name, logo and colors of the Defendant, RASIER LLC.

6. That at said time and place, the Defendant, ENRIQUE RODARTE, identified himself to customers, including Plaintiff, KIMBERLY GURRERA, as an "Uber driver."

7. That at said time and place, the Defendant, ENRIQUE RODARTE, relied on the Defendant's, RASIER LLC, rideshare application for Plaintiff's, KIMBERLY GURRERA, pick-up and drop-off locations.

8. That at said time and place, the Defendant, ENRIQUE RODARTE, relied on the Defendant's, RASIER LLC, rideshare application for navigation to Plaintiff's, KIMBERLY GURRERA, drop-off location.

9. That at said time and place, the Plaintiff, KIMBERLY GURRERA, could follow the navigation and route of the Defendant, ENRIQUE RODARTE, through the Defendant's, RASIER LLC, rideshare application.

10. That at said time and place, the Defendant, RASIER LLC, had agreed to compensate the Defendant, ENRIQUE RODARTE, for driving Plaintiff, KIMBERLY GURRERA, from his/her pick-up location to his/her drop-off location.

11. That the Defendant, RASIER LLC, had agreed to compensate the Defendant, ENRIQUE RODARTE, for accepting ride requests and transporting customers, including the ride request from Plaintiff, KIMBERLY GURRERA.

12. That the Defendant, RASIER LLC, did compensate the Defendant, ENRIQUE RODARTE, for driving Plaintiff, KIMBERLY GURRERA, on the subject date.

13. That at said time and place, the Defendant, RASIER LLC, retained the right to prohibit the Defendant, ENRIQUE RODARTE, from connecting with passengers, including the

FILED DATE: 9/5/2019 1:47 PM  2019L009810

Plaintiff, KIMBERLY GURRERA, should it determine or find that ENRIQUE RODARTE operated his vehicle in a manner contrary to RASIER LLC's safety and/or professional standards.

14.    That at said time and place, the Plaintiff, KIMBERLY GURRERA, would not have been situated in the vehicle of Defendant, ENRIQUE RODARTE, but for the fact that they connected through the Defendant's, RASIER LLC, rideshare application.

15.    That at said time and place, the Plaintiff, KIMBERLY GURRERA, chose to ride in the vehicle driven by Defendant, ENRIQUE RODARTE, because Plaintiff relied on Defendant's, RASIER LLC, reputation for safety and competency.

16.    That at said time and place, the Defendant, ENRIQUE RODARTE, was operating the vehicle as the servant, employee, or apparent and/or actual agent of the Defendant, RASIER LLC.

17.    That in Illinois, a principal can be held liable for the wrongful conduct of an agent if the conduct is committed within the scope of that relationship.

18.    That at said time and place, the Defendant, ENRIQUE RODARTE, was operating his vehicle within the scope of his agent, servant and/or employment relationship with the Defendant, RASIER LLC.

19.    That at said time and place, the Defendant, RASIER LLC, by and through its agent, servant and/or employee, ENRIQUE RODARTE, caused the motor vehicle to collide with another motor vehicle.

20.    That at the aforesaid time and place, the Defendant, RASIER LLC, by and through its agent, servant and/or employee, ENRIQUE RODARTE, had the duty to operate said

FILED DATE: 9/5/2019 1:47 PM 2019L009810

motor vehicle in a reasonably safe manner and to exercise ordinary care and caution so as not to cause injury to others on the roadway, including the Plaintiff.

21.     That at the aforesaid time and place, despite the aforesaid duties, the Defendant, RASIER LLC, by and through its agent, servant and/or employee, ENRIQUE RODARTE, then and there committed one or more of the following careless and negligent acts and/or omissions:

(a)     Carelessly and negligently operated and controlled said motor vehicle;

(b)     Carelessly and negligently failed to exercise that degree of care and caution that a reasonable person under similar circumstances would have exercised in the operation of said motor vehicle;

(c)     Carelessly and negligently failed to keep an adequate, if any, lookout during the operation of said motor vehicle;

(d)     Carelessly and negligently failed to decrease the speed of his vehicle in order to avoid colliding with another vehicle;

(e)     Carelessly and negligently failed to change the course of said motor vehicle so as to avoid striking another motor vehicle;

(f)     Carelessly and negligently failed to appropriately stop or slow his vehicle before striking the rear of another vehicle;

(g)     Carelessly and negligently failed to give audible warning with his horn, when such warning was reasonable and necessary;

(h)     Operated a motor vehicle in a reckless manner;

22.     That at the aforesaid time and place and as a direct and proximate result of one or more of the aforementioned careless and negligent acts and/or omissions of the Defendant, RASIER LLC, the motor vehicle that ENRIQUE RODARTE operated was caused to and did collide with another motor vehicle, causing the Plaintiff, KIMBERLY GURRERA, to sustain serious injuries.

23.     That as a further direct and proximate result of one or more of the aforementioned careless and negligent acts and/or omissions of the Defendant, RASIER LLC, the Plaintiff,

KIMBERLY GURRERA, sustained severe and permanent injuries, both internally and externally, and was and will be hindered and prevented from attending to his/her usual duties and affairs and has lost and will in the future lose the value of that time, as aforementioned. Plaintiff also suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiff, KIMBERLY GURRERA, prays for a judgment in his/her favor and against the Defendant, RASIER LLC, in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus the costs of this suit.

### COUNT VI – Kimberly Gurrera v. Enrique Rodarte

NOW COMES the Plaintiff, KIMBERLY GURRERA, by and through his/her attorneys, LEGALRIDESHARE, LLC, and in complaining of the Defendant, ENRIQUE RODARTE, alleges as follows:

1. That on or about November 19, 2017, the Plaintiff, KIMBERLY GURRERA, was a passenger in a vehicle driven by Defendant, ENRIQUE RODARTE, at or near 1462 S. Museum Campus Drive, in the City of Chicago, County of Cook and State of Illinois.

2. That at said time and place, the Defendant, ENRIQUE RODARTE, was operating his vehicle in furtherance of his work through the Defendants', UBER TECHNOLOGIES, INC. and/or RASIER LLC, rideshare application.

3. That at said time and place, the Defendant, ENRIQUE RODARTE, was transporting Plaintiff, KIMBERLY GURRERA, in furtherance of his work through the Defendants', UBER TECHNOLOGIES, INC. and/or RASIER LLC, rideshare application.

22

FILED DATE: 9/5/2019 1:47 PM   2019L009810

FILED DATE: 9/5/2019 1:47 PM   2019L009810

4.      That at said time and place, the Defendant, ENRIQUE RODARTE, agreed to transport Plaintiff, KIMBERLY GURRERA, after being connected with Plaintiff through the Defendants', UBER TECHNOLOGIES, INC. and/or RASIER LLC, rideshare application.

5.      That at said time and place, the vehicle of the Defendant, ENRIQUE RODARTE, displayed the application, name, logo and colors of the Defendants, UBER TECHNOLOGIES, INC. and/or RASIER LLC.

6.      That at said time and place, the Defendant, ENRIQUE RODARTE, identified himself to customers, including Plaintiff, KIMBERLY GURRERA, as an "Uber driver."

7.      That at said time and place, the Defendant, ENRIQUE RODARTE, relied on the Defendants', UBER TECHNOLOGIES, INC. and/or RASIER LLC, rideshare application for Plaintiff's, KIMBERLY GURRERA, pick-up and drop-off locations.

8.      That at said time and place, the Defendant, ENRIQUE RODARTE, relied on the Defendants', UBER TECHNOLOGIES, INC. and/or RASIER LLC, rideshare application for navigation to Plaintiff's, KIMBERLY GURRERA, drop-off location.

9.      That at said time and place, the Plaintiff, KIMBERLY GURRERA, could follow the navigation and route of the Defendant, ENRIQUE RODARTE, through the Defendants', UBER TECHNOLOGIES, INC. and/or RASIER LLC, rideshare application.

10.     That at said time and place, the Defendants, UBER TECHNOLOGIES, INC. and/or RASIER LLC, had agreed to compensate the Defendant, ENRIQUE RODARTE, for driving Plaintiff, KIMBERLY GURRERA, from his/her pick-up location to his/her drop-off location.

FILED DATE: 9/5/2019 1:47 PM   2019L009810

11.    That the Defendants, UBER TECHNOLOGIES, INC. and/or RASIER LLC, had agreed to compensate the Defendant, ENRIQUE RODARTE, for accepting ride requests and transporting customers, including the ride request from Plaintiff, KIMBERLY GURRERA.

12.    That the Defendants, UBER TECHNOLOGIES, INC. and/or RASIER LLC, did compensate the Defendant, ENRIQUE RODARTE, for driving Plaintiff, KIMBERLY GURRERA, on the subject date.

13.    That at said time and place, the Defendants, UBER TECHNOLOGIES, INC. and/or RASIER LLC, retained the right to prohibit the Defendant, ENRIQUE RODARTE, from connecting with passengers, including the Plaintiff, KIMBERLY GURRERA, should it determine or find that ENRIQUE RODARTE operated his vehicle in a manner contrary to the Defendants', UBER TECHNOLOGIES, INC. and/or RASIER LLC, safety and/or professional standards.

14.    That at said time and place, the Plaintiff, KIMBERLY GURRERA, would not have been situated in the vehicle of Defendant, ENRIQUE RODARTE, but for the fact that they connected through the Defendants', UBER TECHNOLOGIES, INC. and/or RASIER LLC, rideshare application.

15.    That at said time and place, the Plaintiff chose to ride in the vehicle driven by Defendant, ENRIQUE RODARTE, because Plaintiff relied on the Defendants', UBER TECHNOLOGIES, INC. and/or RASIER LLC, reputation for safety and competency.

16.    That at said time and place, the Defendant, ENRIQUE RODARTE, was operating the vehicle as the servant, employee, or apparent and/or actual agent of the Defendants, UBER TECHNOLOGIES, INC. and/or RASIER LLC.

FILED DATE: 9/5/2019 1:47 PM  2019L009810

17.     That at said time and place, the Defendant, ENRIQUE RODARTE, was operating his vehicle within the scope of his agent, servant and/or employment relationship with the Defendants, UBER TECHNOLOGIES, INC. and/or RASIER LLC.

18.     That at the aforesaid time and place, the Defendant, ENRIQUE RODARTE, caused his motor vehicle to collide with another motor vehicle.

19.     That at the aforesaid time and place, the Defendant, ENRIQUE RODARTE, had the duty to operate said motor vehicle in a reasonably safe manner and to exercise ordinary care and caution so as not to cause injury to others on the roadway, including the Plaintiff.

20.     That at the aforesaid time and place, the Defendant, ENRIQUE RODARTE, despite his aforementioned duties, then and there committed one or more of the following careless and negligent acts and/or omissions:

(a)     Carelessly and negligently operated and controlled said motor vehicle;

(b)     Carelessly and negligently failed to exercise that degree of care and caution that a reasonable person under similar circumstances would have exercised in the operation of said motor vehicle;

(c)     Carelessly and negligently failed to keep an adequate, if any, lookout during the operation of said motor vehicle;

(d)     Carelessly and negligently failed to decrease the speed of his vehicle in order to avoid colliding with another vehicle;

(e)     Carelessly and negligently failed to change the course of said motor vehicle so as to avoid striking another motor vehicle;

(f)     Carelessly and negligently failed to appropriately stop or slow his vehicle before striking the rear of another vehicle;

(g)     Carelessly and negligently failed to give audible warning with his horn, when such warning was reasonable and necessary;

(h)     Operated a motor vehicle in a reckless manner;

FILED DATE: 9/5/2019 1:47 PM   2019L009810

21.    That at the aforesaid time and place and as a direct and proximate result of one or more of the aforementioned careless and negligent acts and/or omissions of the Defendant, ENRIQUE RODARTE, the motor vehicle he operated was caused to and did collide with another motor vehicle, causing the Plaintiff to sustain serious injuries.

22.    That as a further direct and proximate result of one or more of the aforementioned careless and negligent acts and/or omissions of the Defendant, ENRIQUE RODARTE, the Plaintiff, KIMBERLY GURRERA, sustained severe and permanent injuries, both internally and externally, and was and will be hindered and prevented from attending to his/her usual duties and affairs and has lost and will in the future lose the value of that time, as aforementioned. Plaintiff also suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiff, KIMBERLY GURRERA, prays for a judgment in his/her favor and against the Defendant, ENRIQUE RODARTE, in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus the costs of this suit.

Respectfully submitted,

_____
One of Plaintiff's Attorneys

Bryant M. Greening
LEGALRIDESHARE, LLC
350 N. LaSalle St., Ste. 750
Chicago, Illinois 60654
(312) 670-9000
#6306065

26

FILED DATE: 9/5/2019 1:47 PM   2019L009810

FILED
9/5/2019 1:47 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019L009810

6456352

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION**

VINCENZO GURRERA AND )
KIMBERLY GURRERA )
               Plaintiffs, )
             )   No. 2019L009810
      vs. )
              )
UBER TECHNOLOGIES, INC, )
RASIER LLC, and )
ENRIQUE RODARTE, )
              )
          Defendants. )

## ILLINOIS SUPREME COURT RULE 222 AFFIDAVIT

NOW COMES the Affiant, Bryant M. Greening, attorney for VINCENZO GURRERA AND KIMBERLY GURRERA, being first sworn on oath, deposes, states and certifies to this Court that the following is true:

1. That I, Bryant M. Greening, am the attorney for VINCENZO GURRERA AND KIMBERLY GURRERA.

2. That as the attorney for VINCENZO GURRERA AND KIMBERLY GURRERA, I am familiar with the facts of this case.

3. That at the present time, it is my opinion that the damages exceed $50,000.00.

FURTHER AFFIANT SAYETH NAUGHT.

                      Respectfully submitted,
                      LEGAL RIDESHARE

                      By: _____
                        Bryant M. Greening

LEGAL RIDESHARE
Attorneys for the Plaintiff
350 N. LaSalle Street, Suite 750
Chicago, IL 60654
(312) 670-9000 (Phone)
(312) 670-9115 (Fax)

# EXHIBIT B

 CT Corporation

**Service of Process Transmittal**
09/13/2019
CT Log Number 536243520

**TO:**   Gabriela Lopez
UBER TECHNOLOGIES, INC.
1455 Market St Fl 4
San Francisco, CA 94103-1355

**RE:**   **Process Served in Illinois**

**FOR:**   UBER TECHNOLOGIES, INC.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | VINCENZO GURRERA and KIMBERLY GURRERA, PLTFS. vs. UBER TECHNOLOGIES, INC., ET AL., DFTS. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Affidavit, Attachment(s) |
| **COURT/AGENCY:** | Cook County Circuit Court - County Department - Law Division, IL
Case # 2019L009810 |
| **NATURE OF ACTION:** | Personal Injury - Vehicle Collision - 11/19/2017 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/13/2019 at 12:41 |
| **JURISDICTION SERVED :** | Illinois |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service of this Summons, not counting the day of service. |
| **ATTORNEY(S) / SENDER(S):** | Bryant M. Greening
Legal Rideshare, LLC
350 N. LaSalle St., Ste. 750
Chicago, IL 60654
312-670-9000 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/14/2019, Expected Purge Date: 09/19/2019

Image SOP

Email Notification, CLAIMS LIT  intake@uber.com

Email Notification, Gabriela Lopez  gabriela.lopez@uber.com |
| **SIGNED:**
**ADDRESS:** | C T Corporation System
208 South LaSalle Street
Suite 814
Chicago, IL 60604 |
| **For Questions:** | 312-345-4336 |

Page 1 of  1 / SV

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Return Date: No return date scheduled
Hearing Date: No hearing scheduled
Courtroom Number: No hearing scheduled
Location: No hearing scheduled

FILED
9/5/2019 1:47 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019L009810

6456352

FILED DATE: 9/5/2019 1:47 PM   2019L009810

| 2120 - Served | 2121 - Served |
|---|---|
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |

**Summons - Alias Summons**                     (08/01/18) CCG 0001 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

VINCENZO GURRERA and
KIMBERLY GURRERA

(Name all parties)     Case No.     2019L009810

v.

UBER TECHNOLOGIES, INC
RASIER LLC and
ENRIQUE RODARTE,

### ☑ SUMMONS  ☐ ALIAS SUMMONS

To each Defendant: UBER TECHNOLOGIES, INC C/O CT CORPORATION, 208 S LASALLE ST, SUITE 814, CHICAGO, IL 60604

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 1 of 3

**Summons - Alias Summons**        **(08/01/18) CCG 0001 B**

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

Atty. No.: 61415

Atty Name: LEGAL RIDESHARE LLC

Atty. for: PLAINTIFF

Address: 350 N LASALLE ST , STE 750

City: CHICAGO

State: IL    Zip: 60654

Telephone: (312) 670-9000

Primary Email: b.greening@aleksybelcher.com

Witness: _____

9/5/2019 1:47 PM DOROTHY BROWN

DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person):

**FILED DATE: 9/5/2019 1:47 PM   2019L009810**

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

- ◉ Richard J Daley Center
  50 W Washington
  Chicago, IL 60602

- ○ District 2 - Skokie
  5600 Old Orchard Rd
  Skokie, IL 60077

- ○ District 3 - Rolling Meadows
  2121 Euclid
  Rolling Meadows, IL 60008

- ○ District 4 - Maywood
  1500 Maybrook Ave
  Maywood, IL 60153

- ○ District 5 - Bridgeview
  10220 S 76th Ave
  Bridgeview, IL 60455

- ○ District 6 - Markham
  16501 S Kedzie Pkwy
  Markham, IL 60428

- ○ Domestic Violence Court
  555 W Harrison
  Chicago, IL 60607

- ○ Juvenile Center Building
  2245 W Ogden Ave, Rm 13
  Chicago, IL 60602

- ○ Criminal Court Building
  2650 S California Ave, Rm 526
  Chicago, IL 60608

### Daley Center Divisions/Departments

- ○ Civil Division
  Richard J Daley Center
  50 W Washington, Rm 601
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ○ Chancery Division
  Richard J Daley Center
  50 W Washington, Rm 802
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ○ Domestic Relations Division
  Richard J Daley Center
  50 W Washington, Rm 802
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ○ Civil Appeals
  Richard J Daley Center
  50 W Washington, Rm 801
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ○ Criminal Department
  Richard J Daley Center
  50 W Washington, Rm 1006
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ○ County Division
  Richard J Daley Center
  50 W Washington, Rm 1202
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ○ Probate Division
  Richard J Daley Center
  50 W Washington, Rm 1202
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ○ Law Division
  Richard J Daley Center
  50 W Washington, Rm 801
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ○ Traffic Division
  Richard J Daley Center
  50 W Washington, Lower Level
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm



ATTACHED

SERVICE INF
RM 801 C/O
CORPORATI

DOC TYPE: LAW
CASE NUMBER: 2019L009810
DEFENDANT
UBER TECHNOLOGIES INC
208 S LASALLE ST
CHICAGO, IL 60604
STE 814

DIE DATE
09/28/2019

# EXHIBIT C

 CT Corporation

**Service of Process
Transmittal**
09/13/2019
CT Log Number 536243501

**TO:** Gabriela Lopez
UBER TECHNOLOGIES, INC.
1455 Market St Fl 4
San Francisco, CA 94103-1355

**RE:**   **Process Served in Illinois**

**FOR:**   RASIER, LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | VINCENZO GURRERA and KIMBERLY GURRERA, PLTFS. vs. UBER TECHNOLOGIES, INC., ET AL., DFTS. // TO: RASIER LLC |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Affidavit, Attachment(s) |
| **COURT/AGENCY:** | Cook County Circuit Court - County Department - Law Division, IL Case # 2019L009810 |
| **NATURE OF ACTION:** | Personal Injury - Vehicle Collision - 11/19/2017 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/13/2019 at 12:41 |
| **JURISDICTION SERVED :** | Illinois |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service of this Summons, not counting the day of service |
| **ATTORNEY(S) / SENDER(S):** | Bryant M. Greening LegalRideshare, LLC 350 N. LaSalle St., Ste. 750 Chicago, IL 60654 312-670-9000 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/14/2019, Expected Purge Date: 09/19/2019 |
| | Image SOP |
| | Email Notification, Gabriela Lopez gabriela.lopez@uber.com |
| | Email Notification, CLAIMS LIT intake@uber.com |
| **SIGNED:** **ADDRESS:** | C T Corporation System 208 South LaSalle Street Suite 814 Chicago, IL 60604 |
| **For Questions:** | 312-345-4336 |

Information displayed on this transmittal is for CT
Corporation's record keeping purposes only and is provided to
the recipient for quick reference. This information does not
constitute a legal opinion as to the nature of action, the
amount of damages, the answer date, or any information
contained in the documents themselves. Recipient is
responsible for interpreting said documents and for taking
appropriate action. Signatures on certified mail receipts
confirm receipt of package only, not contents.

Return Date: No return date scheduled
Hearing Date: No hearing scheduled
Courtroom Number: No hearing scheduled
Location: No hearing scheduled

FILED
9/5/2019 1:47 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019L009810

6456352

FILED DATE: 9/5/2019 1:47 PM   2019L009810

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| Summons - Alias Summons | (08/01/18) CCG 0001 A |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

VINCENZO GURRERA and
KIMBERLY GURRERA

(Name all parties)     Case No.    2019L009810

v.

UBER TECHNOLOGIES, INC
RASIER LLC and
ENRIQUE RODARTE,

### ☑ SUMMONS   ☐ ALIAS SUMMONS

To each Defendant: RASIER LLC C/O CT CORPORATION, 208 S LASALLE ST, SUITE 814, CHICAGO, IL 60604

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

**Summons - Alias Summons**                **(08/01/18) CCG 0001 B**

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

Atty. No.: 61415

Atty Name: LEGAL RIDESHARE LLC

Atty. for: PLAINTIFF

Address: 350 N LASALLE ST , STE 750

City: CHICAGO

State: IL     Zip: 60654

Telephone: (312) 670-9000

Primary Email: b.greening@aleksybelcher.com

Witness: _____

9/5/2019 1:47 PM DOROTHY BROWN

DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person):

FILED DATE: 9/5/2019 1:47 PM 2019L009810

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org
Page 2 of 3

FILED DATE: 9/5/2019 1:47 PM   2019L009810

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

◉ Richard J Daley Center
50 W Washington
Chicago, IL 60602

○ District 2 - Skokie
5600 Old Orchard Rd
Skokie, IL 60077

○ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

○ District 4 - Maywood
1500 Maybrook Ave
Maywood, IL 60153

○ District 5 - Bridgeview
10220 S 76th Ave
Bridgeview, IL 60455

○ District 6 - Markham
16501 S Kedzie Pkwy
Markham, IL 60428

○ Domestic Violence Court
555 W Harrison
Chicago, IL 60607

○ Juvenile Center Building
2245 W Ogden Ave, Rm 13
Chicago, IL 60602

○ Criminal Court Building
2650 S California Ave, Rm 526
Chicago, IL 60608

### Daley Center Divisions/Departments

○ Civil Division
Richard J Daley Center
50 W Washington, Rm 601
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Chancery Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Domestic Relations Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Civil Appeals
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Criminal Department
Richard J Daley Center
50 W Washington, Rm 1006
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ County Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Probate Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Law Division
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Traffic Division
Richard J Daley Center
50 W Washington, Lower Level
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 3 of 3

DIE DATE
09/28/2019

DOC.TYPE: LAW
CASE NUMBER: 2019L009810
DEFENDANT
RASIER LLC
208 S LASALLE ST
CHICAGO, IL 60604
STE 814

SERVICE INF
RM 801 C/O
CORPORATI

ATTACHED